IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| JOHN CARY CARTER, | : | CIVIL ACTION NO. |
| GDC ID # 1108530, Case # 709078, | : | 2:11-CV-00071-RWS-SSC |
|    Petitioner, | : | |
| | : | |
|    v. | : | |
| | : | |
| GLEN JOHNSON, Warden, | : | HABEAS CORPUS |
| BRIAN OWENS, Commissioner, | : | 28 U.S.C. § 2254 |
|    Respondents. | : | |

**MAGISTRATE JUDGE'S ORDER AND**
**FINAL REPORT AND RECOMMENDATION**

Petitioner, a Georgia prisoner, seeks via his 28 U.S.C. § 2254 habeas corpus petition, which he executed on February 27, 2011 and filed on February 28, 2011,[1] to challenge his October 28, 2009 convictions in the Superior Court of Forsyth County, Georgia. Now before the Court are the petition [Doc. 1]; Petitioner's motion to hold his federal habeas petition in abeyance pending the outcome of his state hearing [Doc. 10]; Respondent's Motion to Dismiss Petition for Lack of Exhaustion [Doc. 12] with supporting brief [Doc. 12-1] and exhibits [Doc. 13]; and Petitioner's motion for the production of State's Exhibits 6 and 8,

---

[1] Under the "mailbox rule," the petition is deemed to have been filed on the day that Petitioner signed it. See Fuller v. Terry, 381 F. App'x 907, 908 (11th Cir. 2010) ("Under the mailbox rule for prisoners, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. See Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999). Absent contrary evidence, we will assume that a prisoner's filing 'was delivered to prison authorities the day he signed it.' Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001)." (formatting altered)). The petition reflects that Petitioner placed his petition in the prison mailing system on February 28, 2011. (See Doc. 1 at 14).

1

which were introduced at his criminal trial [Doc. 14]. For the reasons set forth below, the undersigned recommends that the motion to dismiss [Doc. 12] be **GRANTED**, that Petitioner's habeas corpus petition [Doc. 1] be **DISMISSED without prejudice** for lack of exhaustion, that Petitioner's pending motions [Docs. 10, 14] be **DENIED**, and that Petitioner be **DENIED** a certificate of appealability.

I.  **Procedural History**

On October 28, 2009, Petitioner was convicted by a jury in the Superior Court of Forsyth County on charges of aggravated assault and obstruction of a law enforcement officer, and he received a sentence of twenty years, with ten years to serve in prison and the remainder on probation. (Doc. 1, Pet. at 1; Doc. 13-3, Indictment and Judgment). On direct appeal, Petitioner "contend[ed] that a mistrial should have been granted after the jury was allowed to rehear certain evidence and that the trial court erred in charging the jury."[2] (Doc. 13-1 at 1, Order of Georgia Court of Appeals). On September 2, 2010, the Georgia Court of Appeals affirmed Petitioner's convictions and sentence. (Id. at 5-6).

---

[2] Specifically, Petitioner argued that the trial court erred when it instructed the jury that it "may not . . . render a verdict in this case based upon sympathy for any party or prejudice against any party" because, Petitioner claimed, that instruction "put the kibosh on any sympathy the jury might have felt toward him and his intoxicated haplessness." The appellate court concluded, however, that "the jury was properly charged on voluntary intoxication and the objected to instruction properly informed the jury that they could not disregard evidence in favor of their sympathy or prejudice." (Doc. 13-1 at 5 (internal quotation marks omitted)).

Respondent has provided a copy of a state habeas petition Petitioner filed as Civil Action No. 11HC-011 in the Superior Court of Hancock County on March 15, 2011 to challenge the convictions and sentences at issue in this federal habeas petition. (Doc. 13-2). In response to the question on the state habeas petition form, "Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this conviction in any state or federal court", Petitioner answered, "Yes." (Id. at 2). Petitioner then listed three Official Requests for Assistance of Counsel that he had filed in the trial court, the Superior Court of Forsyth County, in his criminal case; he did not indicate that he had filed a previous state habeas petition. (Id. at 2-3). According to Petitioner, his first Official Request was denied on October 26, 2009 (before he was convicted by the jury on October 28, 2009); his second request was "ongoing"; and his third was denied on February 11, 2010. (Id.). Petitioner noted that he had not appealed the ruling with respect to any of these three Official Requests. (Id. at 3).

On his federal habeas petition form (filed in February, 2011 prior to the filing of his state habeas petition in Civil Action No. 11HC-011), in response to the inquiry, "Other than the direct appeals listed above,[3] have you previously filed any other petitions, applications, or motions concerning this judgment of

---

[3] Petitioner indicated that he filed a direct appeal to the Court of Appeals of Georgia and that it was denied on September 2, 2010. (Doc. 1 at 2).

conviction in any state court," Petitioner listed the following proceedings: (1) a habeas corpus petition, Case No. 10HC-020 filed in the Hancock County Superior Court on June 16, 2010 (while his direct appeal was still pending), in which he alleged, *inter alia,* that he was denied the right to counsel on direct appeal and which he states was "[d]enied by unnecessary delay(s); roundabout avoidance, etc."; (2) a mandamus petition, Case No. 10CV-1238 filed in the Forsyth County Superior Court on June 4, 2010, in which, *inter alia,* he sought new counsel on direct appeal, and which he appears to claim was denied on January 3, 2011; and (3) a motion to challenge the record transcription of his criminal trial, Case No. 08-CH-0655 mailed to the Forsyth County Superior Court on March 17, 2010 and denied on April 26, 2010. (Doc. 1, Pet. at 2-4). Petitioner indicates that he filed an appeal from only the third of these three rulings, and he does not indicate the result of that appeal. (<u>Id.</u> at 4).

In Petitioner's federal habeas petition now pending before this Court, he raises the following claims:

(1) ineffective assistance of pre-trial and trial counsel for *inter alia* failing to collect information from witnesses, investigate critical evidence, file appropriate motions and objections, investigate the extent of Petitioner's diminished capacity at the time of the crimes (due to his intoxication), and object to the use of a videotape of Petitioner's police interview,

(2) ineffective assistance of appellate counsel,

(3) violation of his right to a fair trial in general, and the erroneous admission of State's Exhibits 6 and 8 in particular, and

4

(4) the trial court "failed to charge the jury properly on the laws surrounding the criminal charges" and "also gave a jury instruction charge which conflicted [with] the other portion of the charge," thus preventing the jury from convicting Petitioner of simple rather than aggravated assault.

(Doc. 1, Pet. at 5-10). With respect to each of these claims, Petitioner states or indicates that he did not raise the claim on direct appeal, that he raised it for the first time in his state habeas petition filed in the Hancock County Superior Court and that he is "[a]waiting" a decision from that court on the claim. (Id.).[4] Indeed, on April 29, 2011, Petitioner moved to hold this federal habeas action in abeyance pending the outcome of his state hearing on his state habeas petition. (Doc. 10 at 1).

On May 9, 2011, in his response to Petitioner's federal habeas petition, Respondent represented that Petitioner's March 2011 state habeas petition is "currently pending" in the Hancock County Superior Court. (Doc. 12-1, Resp't Br. at 1-2).[5] Respondent contends that Petitioner raised the same grounds in that petition and in the pending federal habeas petition,[6] and that the latter therefore

---

[4] With respect to his second claim, Petitioner indicates only that he did not raise the issue on direct appeal and that he did raise it in a state application for habeas corpus. (Doc. 1 at 6-7). The undersigned assumes that he is referring to the habeas corpus petition that is pending in the Hancock County Superior Court.

[5] The citations to Respondent's brief are to the pagination of the brief, and not to the pagination of the Court's CM/ECF system.

[6] At least some of the grounds in the two petitions appear to be the same. However, the undersigned need not, and does not, make a finding on whether all the grounds raised in the two petitions are the same because the outcome of the exhaustion issue would be the same in either case, i.e., if the federal grounds were raised in the pending state petition, they are unexhausted and if they were not raised, they are unexhausted.

5

should be dismissed because Petitioner has not exhausted any of the claims therein. (Id. at 1-4). Petitioner has not replied to Respondent's response other than to file a motion [Doc. 14] for the production of the two state exhibits that he contends, in his state and federal habeas petitions, were admitted erroneously at his trial.

## II. Law and Discussion

A district court may not grant a habeas corpus petition unless it appears that either (1) the petitioner "has exhausted the remedies available in the courts of the State"; (2) "there is an absence of available State corrective process"; or (3) "circumstances exist that render such process ineffective to protect the [petitioner's] rights." 28 U.S.C. § 2254(b)(1)(A), (B). Furthermore, a petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas corpus petition. 28 U.S.C. § 2254(c). Although the Supreme Court has rejected a strict interpretation of § 2254(c), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

It is undisputed that Petitioner did not raise on direct appeal any of his four federal habeas claims and that there is still pending in state court the state habeas petition that he filed in March 2011, *after* he filed his federal habeas petition. Moreover, even if Petitioner did file a prior state habeas petition in June 2010 (before his direct appeal was decided)—as indicated in his February 2011 federal habeas petition but not in his March 2011 state habeas petition—and if he raised the same grounds in that petition as he has raised in his federal petition, there is no indication that he appealed the denial of that state petition, and thus Petitioner has not exhausted any claims raised therein. See Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) ("[W]e conclude that Pope [a § 2254 petitioner] has failed to exhaust his state remedies by failing to petition the Georgia Supreme Court for a certificate of probable cause to appeal the denial of his state habeas petition."). It therefore appears that Petitioner has not exhausted, through one complete round of Georgia's established appellate review process as the United States Supreme Court requires, any of the four claims he has raised in his federal habeas petition. See Boerckel, 526 U.S. at 845. Accordingly, Petitioner's federal habeas petition is completely unexhausted and is due to be dismissed on that basis. Furthermore, because Petitioner's petition is not a "mixed petition" containing both exhausted and unexhausted claims, it

7

is not eligible for the "stay and abeyance" procedure set forth in Rhines v. Weber, 544 U.S. 269 (2005)[7]:

> The Eleventh Circuit has instructed: "[g]enerally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (per curi[a]m) (citing Rose v. Lundy, 455 U.S. 509, 519-520, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982)). This Court has stated: "when a federal habeas petitioner has failed to exhaust his state remedies with respect to his only federal claim for relief, he is not entitled to the stay and abeyance procedure outlined in Rhines, which only applies to a mixed petition." Daker v. Warren, No. 1:10-CV-00552, 2010 U.S. Dist. LEXIS 98209, 2010 WL 3730975 at *1 (N.D. Ga. September 20, 2010); (citing Thompson v. Sec'y for the Dep't of Corr., 425 F.3d 1364, 1365 (11th Cir. 2005) (noting that the Supreme Court stated in Rhines that "district courts may order a stay and abeyance of mixed petitions 'in limited circumstances' ")). Because [petitioner] has not filed a mixed petition, Rhines does not apply.

Wright v. Oubre, 768 F. Supp. 2d 1277, 1282-83 (N.D. Ga. 2011). Based on the foregoing, Petitioner is not entitled to a stay in this matter and his federal habeas

---

[7] In Rhines, the Supreme Court, mindful of the one-year statute of limitations for habeas corpus petitions, outlined a "stay-and-abeyance" procedure for dealing with a "mixed" habeas petition that contains both exhausted and unexhausted claims, whereby "a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." Id., 544 U.S. at 275. Prior to the enactment of the habeas corpus statute of limitations, the "total exhaustion" requirement for habeas claims was effectuated "by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance." Id. at 274. The Supreme Court adopted the stay and abeyance procedure to alleviate the risk, run by "petitioners who come to federal court with 'mixed' petitions[,] . . . of forever losing their opportunity for any federal review of their unexhausted claims." Id. at 275. Because only six and one-half months passed between the denial of Petitioner's direct appeal on September 2, 2010 and the filing of his now pending state habeas petition on March 15, 2011, it appears that Petitioner will have almost six months remaining on the twelve-month federal limitations period to return to this Court with another habeas petition after his state petition is decided. See 28 U.S.C. § 2244(d).

petition is due to be dismissed because all of his federal habeas claims are unexhausted.

## III. **Certificate of Appealability**

A state prisoner must obtain a certificate of appealability (COA) before appealing the denial of his federal habeas petition. 28 U.S.C. § 2253(c)(1)(A). A COA may issue only when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). A petitioner need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." Lamarca v. Sec'y, Dep't of Corr., 568 F.3d 929, 934 (11th Cir. 2009) (quoting Miller-El v. Cockrell, 537 U.S. 322, 337, 342 (2003)), cert. denied, 130 S. Ct. 783 (2009). Furthermore,

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

9

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (internal quotations omitted). Here, it is apparent that Petitioner did not exhaust his state court remedies before proceeding to federal court. Therefore, a certificate of appealability is not warranted.

**IV.   Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss Petition for Lack of Exhaustion [Doc. 12] be **GRANTED**, that the petition for a writ of habeas corpus [Doc. 1] be **DISMISSED without prejudice** for lack of exhaustion, that Petitioner's motion for a stay [Doc. 10] be **DENIED**, that Petitioner's motion for production of documents [Doc. 14] be **DENIED as moot** and that Petitioner be **DENIED** a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED and DIRECTED** this 3rd day of January, 2012.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge