# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| JOHN CARY CARTER, | : | CIVIL ACTION NO. |
| GDC ID # 1108530, Case # 709078, | : | 2:11-CV-00071-RWS-SSC |
|    Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| GLEN JOHNSON, Warden, | : | HABEAS CORPUS |
| BRIAN OWENS, Commissioner, | : | 28 U.S.C. § 2254 |
|    Respondents. | : | |

## **ORDER**

In February 2011, Petitioner, a Georgia prisoner, signed and submitted a federal habeas petition [Doc. 1] challenging his October 2009 convictions in the Superior Court of Forsyth County, Georgia. Petitioner moved to hold his petition in abeyance while he exhausted his state court remedies [Doc. 10], and Respondent moved to dismiss the petition for lack of exhaustion [Doc. 12]. Now before the Court are the Magistrate Judge's Order and Final Report and Recommendation ("the Report") [Doc. 16] and Petitioner's objections thereto [Doc. 18]. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the Report to which Petitioner objects, and has reviewed the remainder of the Report for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

After reviewing all of Petitioner's state court pleadings and actions, as set forth in the record, the Magistrate Judge concluded that, prior to filing his federal habeas petition, Petitioner did not exhaust any of the claims he raised in that petition. [See generally Doc. 16]. The Magistrate Judge noted that Petitioner stated in his federal petition that, with respect to each of his federal habeas claims, he had raised the claim in state court for the first time in a state habeas petition that was still pending. [Id. at 5 & n.4]. The Magistrate Judge reached the following conclusions:

> It is undisputed that Petitioner did not raise on direct appeal any of his four federal habeas claims and that there is still pending in state court the state habeas petition that he filed in March 2011, *after* he filed his federal habeas petition. . . . It therefore appears that Petitioner has not exhausted, through one complete round of Georgia's established appellate review process as the United States Supreme Court requires, any of the four claims he has raised in his federal habeas petition. Accordingly, Petitioner's federal habeas petition is completely unexhausted and is due to be dismissed on that basis. Furthermore, because Petitioner's petition is not a "mixed petition" containing both exhausted and unexhausted claims, it is not eligible for the "stay and abeyance" procedure set forth in Rhines v. Weber, 544 U.S. 269 (2005).

[Id. at 7-8 (citation and footnote omitted)]. The Magistrate Judge recommended dismissal of Petitioner's federal habeas petition for lack of exhaustion. [Id. at 10].

Petitioner raises seven objections to the Report: (1) the order directing service of the Report refers to a non-existent evidentiary hearing transcript, which "is a non-

2

sequit[u]r"; (2) the Report fails to mention that Petitioner's first trial ended in a mistrial and that he was not convicted until his second trial; (3) the Report incorrectly refers to *Petitioner* as having raised two issues on direct appeal, when in fact it was his court-appointed attorney who raised them; (4) Petitioner delivered to prison officials, on the same day, both the state habeas petition that is still pending in state court[1] and the instant federal habeas petition, so that the Report incorrectly states that he filed his state habeas petition *after* he filed his federal habeas petition; (5) although the Report correctly enumerates three of his requests for the assistance of counsel, it does not acknowledge that Petitioner's failure to appeal the denial of those requests was not his own fault, but that of his attorneys; (6)(a) the Report refers incorrectly to a prior state habeas petition that Petitioner filed as involving the convictions he is challenging in this federal habeas action, when in fact that state petition involved a prior conviction that is not at issue here, (6)(b) the Report refers incorrectly to the status of two mandamus petitions that Petitioner filed in state court seeking to obtain transcripts of audio and video recordings introduced at his trial, and (6)(c) the Report seems to blame Petitioner, rather than the state courts or his attorneys, for his failure

---

[1] Petitioner states that the Hancock Superior Court denied his state habeas petition on November 23, 2011, apparently from the bench, but notes that he is still "wait[ing] on an Order" from that court denying his petition. [Doc. 18 at 9].

3

to appeal the denial of certain matters or to force state court action regarding other matters; and (7) the Report's "recitation of the grounds" Petitioner has raised in his federal habeas petition is incomplete, and, in a reprise of objection (6)(a), the Report refers to a prior state habeas petition that is not relevant because it involved a conviction that is not at issue here. [Doc. 18 at 2-9].

Nowhere in the foregoing objections, however, does Petitioner assert that, with respect to any of his federal habeas claims, he has "invok[ed] one complete round of the State's established appellate review process." See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Even if the state habeas court had issued an order denying Petitioner's state habeas petition, there is no indication that Petitioner has filed an application for a certificate of probable cause seeking review of that denial or that the Georgia Supreme Court has ruled on any such application. See Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) ("[W]e conclude that [a § 2254 petitioner] has failed to exhaust his state remedies by failing to petition the Georgia Supreme Court for a certificate of probable cause to appeal the denial of his state habeas petition."). In sum, it is apparent from Petitioner's objections themselves that the Magistrate Judge correctly recommended the dismissal of his federal habeas petition for failing to exhaust his state court remedies with respect to any of his federal habeas claims.

4

Accordingly, the Court **OVERRULES** Petitioner's objections [Doc. 18], **ADOPTS** the Magistrate Judge's Report and Recommendation [Doc. 16] as the Order of this Court, **DENIES** Petitioner's motion to hold this case in abeyance [Doc. 10], **GRANTS** Respondent's Motion to Dismiss Petition for Lack of Exhaustion [Doc. 12], **DENIES AS MOOT** Petitioner's motion for documents [Doc. 14], **DISMISSES WITHOUT PREJUDICE** this habeas corpus action [Doc. 1], and **DENIES** Petitioner a certificate of appealability.

**IT IS SO ORDERED** this __2nd__ day of March, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)